## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| PIONEER SQUARE BRANDS, INC., d/b/a BRENTHAVEN<br><br>      Plaintiff,<br><br>v.<br><br>MOHAWK USA LLC,<br>      Defendant. | Civil Action No. 3:26-cv-362<br><br>JURY TRIAL DEMANDED |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Pioneer Square Brands, Inc., doing business as Brenthaven ("PSB" or "Plaintiff"), by and through counsel, hereby alleges for its Complaint for Patent Infringement against Defendant Mohawk USA LLC ("Defendant" or "Mohawk") as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement. PSB alleges that Mohawk infringes U.S. Patent Number 10,216,222 ("the '222 Patent").

2. PSB alleges Mohawk has infringed and continues to infringe and has induced and continues to induce others to infringe the '222 Patent. PSB seeks damages, injunctive, and other relief for Mohawk's infringement of the '222 Patent.

### PARTIES

3. PSB is a Delaware corporation and has its principal place of business at 721 Old Thomasville Road, High Point, NC 27260.

4. On information and belief, Defendant Mohawk USA LLC is a limited liability company organized under the laws of Connecticut and has its principal place of business at 458 Danbury Road, Building B, Unit-3, New Milford, CT 06776.

5. On information and belief, Mohawk makes, uses, offers to sell, sells, and/or imports various electronics device cases under the Bump Armor brand, including but not limited to the Ninja Shell Cases product line, which include at least the Ninja Shell and Dell 3120 & 3180 & 3190 (collectively, the "Ninja Shell Cases"). *See* Exhibit 1 (Mohawk's Trademark Registration 4,387,844 for "BUMP ARMOR" in connection with, among others, "carrying cases for mobile computers"); Exhibit 2 (Bump Armor website for Ninja Shell Cases (available at https://bumparmor.com/product-category/ninja-shell-cases/)).

## JURISDICTION AND VENUE

6. This is a civil action for patent infringement arising under the United States Patent Act, codified at 35 U.S.C. §1 et seq., and 35 U.S.C. §§271 and 281-285. This Court has subject matter jurisdiction over this patent infringement action pursuant to 28 U.S.C. §§1331 and 1338(a).

7. This Court has personal jurisdiction over Mohawk pursuant to due process and the Connecticut Long Arm Statute.

8. This Court has personal jurisdiction over Mohawk because, on information and belief, Mohawk is a Connecticut limited liability company and has its principal place of business within the District. Mohawk is "at home' in this District. Further, this Court has personal jurisdiction over Mohawk because Mohawk has established minimum contacts with this forum such that the exercise of jurisdiction over Mohawk will not offend traditional notions of fair play and substantial justice. On information and belief, Mohawk has purposefully directed its activities at, transacted business within, and conducted business in, the State of Connecticut, including in this District, including committing acts of infringement which give rise to PSB's claims.

9. Venue is proper in this District pursuant to 28 U.S.C. §1400(b) because, on information and belief, Mohawk is organized under the laws of Connecticut and therefore resides

in this District. Venue is also proper because Mohawk has committed acts of infringement and, on information and belief, has a regular and established place of business at 458 Danbury Road, Building B, Unit-3, New Milford, CT 06776, located in this District.

10. Venue is proper in this District under 28 U.S.C. §§1391(b) and (c) and 1400(b) at least because Mohawk is subject to personal jurisdiction in this District, resides in this District, maintains its principal place of business in this District, and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PATENT-IN-SUIT

11. On February 26, 2019, the U.S. Patent and Trademark Office duly and legally issued the '222 Patent, entitled "Portable Electronic Device Case." A true and correct copy of the '222 Patent is attached hereto as Exhibit 3.

12. The '222 Patent is valid and enforceable under the laws of the United States.

13. PSB is the owner of all right, title, and interest in and to the '222 Patent, including the right to prosecute this action and to collect and receive damages for all past, present, and future infringements.

## FACTUAL BACKGROUND

14. PSB designs, manufactures, tests, and certifies innovative and reliable cases and accessories for portable electronic devices. PSB's aesthetic and rugged designs and solutions, embodied in its products, protect electronic devices and reduce physical damage to such devices.

15. PSB, through its innovation, creates, among other things, durable products that help customers' devices remain protected in the most challenging environments, which include territories from classrooms to job sites. Its unique and reliable products cut down on electronic

waste and save customers time and money by protecting customers' electronic devices and keeping the devices in service longer.

16. PSB strives to create innovative and elegant designs that provide best-in-class device protection within the electronics technology market. As a result, it has grown to serve numerous customers. Further, its innovative and durable products have impressed customers and electronics industry leaders, leading to numerous partnerships with known market leading brands. Indeed, PSB's innovative technology is so unique, stylish, and durable that well-known electronics companies such as Apple, Dell, HP, Lenovo, Asus, Acer, and Microsoft have partnered and/or worked with PSB to design and manufacture protective cases for portable electronics.

17. PSB's electronics protection cases are exceptionally advantageous in protecting and extending the life of customers' electronics, in part, because PSB's products are uniquely designed to stay secured to portable electronic devices, for example, laptops, when the product is both in closed and open positions. This is accomplished while PSB's products both look and feel stylish and without obstructing screens or keyboards.

18. PSB invests substantial resources in innovation and the protection of its valuable intellectual property. To date, PSB has more than 180 granted US patents. PSB has integrated the novel and innovative technology of the '222 Patent into its own product offerings. For example, the '222 Patent covers PSB's Edge for MacBook Air 13-inch case (shown below in gray) that exemplifies the elegant and durable protective case providing style, protection, and functionality.



*See* Exhibit 8 (Brenthaven, Edge for MacBook Air 13-inch (non-Retina) (images from https://brenthaven.com/product/edge-macbook-air-13-non-retina/)); *see also* Exhibit 4 (PSB – Our Patents – available at https://pioneersquarebrands.com/patent/).

19. PSB has notified the industry of its innovative products, including by marking its products with its patent numbers. *See, e.g.*, Exhibit 4 (PSB – Our Patents – available at https://pioneersquarebrands.com/patent/). PSB marks its Edge for MacBook Air 13-inch case with the '222 Patent. *Id.*

20. Despite PSB putting the public, including the industry, on notice of the '222 Patent, Mohawk has been making, using, selling, offering for sale, and/or importing into the United States its Ninja Shell Cases distributed under the brand name Bump Armor™, as shown below. *See, e.g.*, Exhibit 2.



**(Exhibit 2 - https://bumparmor.com/product-category/ninja-shell-cases/)**

21. On or about February 13, 2025, PSB obtained two samples of Mohawk's Ninja Shell cases from Mohawk's counsel. *See* Exhibit 5 ("Enclosed please find the two samples of the products you were seeking."). Mohawk's counsel identified the two samples as "DL-NS3120-FL-CL(Z69)" and "HP-NS14G7-CS-CL (Z71)". *See id.*

22. After providing the Ninja Shell case samples, upon information and belief, on or about May 21, 2025, Mohawk received a letter from PSB informing Mohawk that the two sample products are covered by the '222 Patent and offering to engage in licensing discussions. *See* Exhibit 6. As a result of PSB's patent marking and PSB's May 21, 2025 letter to Mohawk's counsel, Mohawk has had knowledge of PSB's '222 Patent, including by no later than May 21, 2025, when Mohawk received PSB's letter.

23. PSB did not receive a response from Mohawk to its May 21, 2025 letter.

24. Throughout and after PSB's attempt to negotiate a license to the '222 Patent, Mohawk continued to make, use, sell, offer for sale, and/or import infringing Ninja Shell Cases.

## COUNT I: INFRINGEMENT OF THE '222 PATENT

25. PSB repeats and realleges each allegation set forth in paragraphs 1 through 24 above as if fully set forth herein.

26. Mohawk has directly infringed (literally and/or by the doctrine of equivalents) and continues to directly infringe at least claims 1 and 4-11 of the '222 Patent by importing, making, using, selling, and/or offering to sell products and/or systems including, without limitation, the Ninja Shell Cases (the "Accused Devices"). Mohawk is liable for its infringement of the '222 Patent at least in violation of 35 U.S.C. §271(a).

27. Claim 1 of the '222 Patent is recited below:

> 1. A portable electronic device case comprising:
> a keyboard case portion including a first base portion having a periphery including a first side, a second side, and a third side, the first side and the third side being substantially parallel with each other, the first side and second side being substantially perpendicular to each other;
> a first wall portion extending substantially perpendicular from the first base portion along the first side of the first base portion;
> a first flap of a semirigid material having an unflexed state of the first flap and a flexed state of the first flap, the first flap in the unflexed state extending from the first wall portion a first length along a first dimension perpendicular to the first wall portion outwardly over the first base portion so positioned with a first gap between the first base portion and the first flap, the first flap in the flexed state extending from the first wall portion a second length along the first dimension wherein the second length is less than the first length; and
> a display case portion hingedly coupled to the keyboard case portion, the display case portion including a second base portion and one or more second flaps so positioned with one or more second gaps between the second base portion and the one or more second flaps.

28.     For example, as detailed below, and as shown in the claim chart attached hereto as Exhibit 7, the Accused Devices meet each and every limitation of at least claim 1 of the '222 Patent, either literally or under the doctrine of equivalents.

29.     The Accused Devices are portable electronic device cases, as shown below. The Accused Devices protect portable electronic devices, such as laptops. Mohawk markets the Accused Devices as "shock resistant slim one-piece design with rugged bumpers and extra hinge protection allowing for the highest level of device protection." *See* https://bumparmor.com/product-category/ninja-shell-cases/.



Ninja Shell Cases

30.     The Accused Devices include a keyboard case portion comprising a first base portion having a periphery with a first side, second side, and third side. The first side and third side are substantially parallel with each other, and the first side and second side are substantially perpendicular to each other.





31. The Accused Devices include a first wall portion that extends substantially perpendicular from the first base portion along the first side of the first base portion. As shown in the claim chart and below, a wall or rim rises approximately orthogonally (upward) from the flat base surface (first base portion) along the left edge (first side) of the keyboard case portion.



32.     The Accused Devices include a first flap of a semirigid material extending from the first wall portion over the first base portion. The first flap has an unflexed state in which it extends from the first wall portion a first length (X) along a first dimension that is perpendicular to the first wall portion and outwardly over the first base portion. The flap is so positioned with a first gap between the first base portion and the first flap, creating a channel to receive a laptop edge. The first flap also has a flexed state in which it extends a second length (Y) along the first dimension over the first base portion. The second length is less than the first length.[1] The first flap is made of

---

[1] In this Complaint and the accompanying claim chart, "X" represents the First Length: the horizontal distance that the first flap extends over the first base portion when the flap is in its unflexed state (at rest, with no external force applied). "Y" represents the Second Length: the

a semirigid material capable of being flexed upon pressure. When the electronic device is pushed downward onto the flap, the flap flexes and compresses, creating a second length (Y) that is less than the first length (X). After the electronic device is inserted, the flap's extension over the base portion assists in retaining the electronic device in the Accused Devices.



33. The Accused Devices include a display case portion hingedly coupled to the keyboard case portion. As shown in the claim chart and below, the two halves of the Accused Devices are connected by a flexible hinge.

---

horizontal distance that the first flap extends over the first base portion when the flap is in its flexed state (under applied pressure, such as when the laptop edge is being inserted or is seated in the gap). X and Y are representative values used to illustrate the relationship between the two lengths. Precise measurements are not required by the claim. The claim requires only that the second length (Y) be less than the first length (X). As shown in the accompanying photographs in Exhibit 7 (pp. 6-10), when pressure is applied to the first flap, the flap deflects and its horizontal reach over the base is reduced: that is, Y < X. This reduction satisfies the claim limitation that "the second length is less than the first length."



34. As shown in the claim chart and below, the display case portion includes a second base portion and one or more second flaps so positioned with one or more second gaps between the second base portion and the one or more second flaps. The second flaps extend over the second base portion, creating channels (second gaps) configured to receive the edges of a laptop display.





35.     Mohawk has also indirectly infringed and continues to indirectly infringe at least claims 1 and 4-11 of the '222 Patent. For example, notwithstanding its knowledge of the '222 Patent, including constructive notice and having written notice from PSB regarding the '222 Patent, and other facts discussed above, Mohawk has actively, knowingly, and intentionally induced and continues to induce infringement of at least claims 1 and 4-11 of the '222 Patent, including by intentionally, for example, developing, marketing, advertising, manufacturing, and/or providing the Ninja Shell Cases with the knowledge (and/or willful blindness) of the infringement and specific intent that third parties, including distributors, resellers, and customers, will manufacture, sell, offer for sale, and/or use the Accused Devices in the United States. Mohawk is liable for its infringement of the '222 Patent in violation of at least 35 U.S.C. §271(b).

36.     For example, with knowledge of the '222 Patent and its infringement thereof, Mohawk has induced and is inducing customers to directly infringe the '222 Patent by, for

example, directing, causing, instructing, and/or encouraging customers to use the Accused Devices, including on its website www.bumparmor.com. The use of the Accused Devices, without authorization from PSB, constitutes infringement, either literally or under the doctrine of equivalents, of at least claims 1 and 4-11 of the '222 Patent. As a result, customers have and are directly infringing the '222 Patent and Mohawk has and is indirectly infringing that patent.

37. As another example, with knowledge of the '222 Patent and its infringement thereof, Mohawk has induced and is inducing its distributors and resellers to directly infringe the '222 Patent by, for example, directing, causing, instructing, and/or encouraging them to directly infringe by using, offering to sell, and/or selling the Ninja Shell Cases for electronics protection. For example, on information and belief, CDW is a distributor and/or reseller for Mohawk. It offers to sell and sells the Ninja Shell Cases on its website (i.e., https://www.cdw.com/product/bump-armor-ninja-shell-notebook-shell-case/7929048) at the direction, cause, and/or encouragement of Mohawk. The use, offer to sell, and/or sale of the Accused Devices, without authorization from PSB, constitutes direct infringement, either literally or under the doctrine of equivalents, of at least claims 1 and 4-11 of the '222 Patent. As a result, Mohawk's distributors and resellers have and are directly infringing the '222 Patent and Mohawk has and is indirectly infringing that patent.

38. Mohawk has knowingly, deliberately, and/or intentionally persisted in its infringing acts despite PSB providing Mohawk notice of the '222 Patent and its infringement thereof, and thus Mohawk had full knowledge of the risk of infringement (or a risk so obvious that risk should have been known to Mohawk). Despite that risk, Mohawk continued and continues to make, use, sell, offer for sale, and/or import the infringing Ninja Shell Cases in the United States. As such, its infringement has and is willful.

39. Mohawk's infringement is ongoing.

Case 3:26-cv-00362   Document 1   Filed 03/10/26   Page 15 of 16

40. PSB has been irreparably harmed by Mohawks' infringing acts. PSB has suffered and continues to suffer damages in an amount to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, PSB requests the following relief:

A. A judgment that Mohawk directly infringes and has directly infringed the '222 Patent;

B. A judgment that Mohawk induces and has induced infringement of the '222 Patent;

C. An order enjoining Mohawk, its officers, agents, employees, and those persons in active concert or participation with any of them, and Mohawk's successors and assigns, from continuing to infringe the '222 Patent,

D. An award of damages pursuant to 35 U.S.C. §284 to be paid by Mohawk adequate to compensate PSB for Mohawk's past infringement of the '222 Patent, including supplemental damages for any infringing acts not covered by the jury's verdict, including any continuing post-verdict infringement up until entry of final judgment, with an accounting of all infringing acts, including, but not limited, to those acts not presented at trial;

E. An order requiring Mohawk to pay PSB's costs and expenses in this action;

F. A judgment that Mohawk willfully infringed the '222 Patent and an order trebling PSB's damages pursuant to 35 U.S.C. §284;

G. A declaration that this case is exceptional pursuant to 35 U.S.C. §285 and an award of PSB's reasonable attorneys' fees incurred in this action;

H. An order awarding prejudgment and post-judgment interest on the damages awarded, calculated at the highest interest rate allowed by law;

I. An order awarding PSB an ongoing royalty pursuant to 35 U.S.C. §283 for any

PIONEER SQUARE BRANDS, INC.'S COMPLAINT FOR PATENT INFRINGEMENT—PAGE 15

continuing post-judgment infringement, with an accounting provided quarterly; and

J.   An award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, PSB hereby respectfully demands a jury trial on issues so triable.


Dated:  March 10, 2026                    Respectfully submitted,

*/s/ Kevin M. Smith*
Kevin M. Smith (ct24774)
WIGGIN AND DANA LLP
One Century Tower
P.O. Box 1832
New Haven, Connecticut 06508-1832
Tel: (203) 498-4400
Fax: (203) 782-2889
ksmith@wiggin.com

Megan R. Wood (*pro hac vice* forthcoming)
Jonathan W.S. England (*pro hac vice* forthcoming)
BLANK ROME LLP
1825 Eye Street NW
Washington, D.C. 20006
Tel: (202) 420-2753
Fax: (202) 420-2747
megan.wood@blankrome.com
jonathan.england@blankrome.com

Russell T. Wong (*pro hac vice* forthcoming)
BLANK ROME LLP
717 Texas Avenue Suite 1400
Houston, TX 77002
713.632.8634
russell.wong@blankrome.com

*Attorneys for Plaintiff Pioneer Square Brands, Inc.*